UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ROBBINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM BRANDS OPCO, LLC,<br><br>Defendants. | Case No. 1:26-cv-01607-JLT-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 13) |

On January 7, 2026, Plaintiff Sarah Robbins ("Plaintiff") initiated this action with the filing of a complaint in state court, asserting claims on behalf of herself and a putative class against Defendant Premium Brands Opco, LLC, doing business as Loft ("Defendant"). (Doc. 1-1). Defendant removed the action on February 25, 2026. (Doc. 1). On June 30, 2026, the parties filed a notice of voluntary dismissal of the action without prejudice. (Doc. 13).

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and Plaintiff is entitled to dismiss the individual claims (at least) without court order. As no answer or motion for summary judgment has been filed (*see* Doc. 1 & docket generally), Plaintiff also may dismiss the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2)

"class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

Here, no class has yet been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of any settlement. Where no class has been certified, and where any dismissal would not affect putative class members' claims, Fed. R. Civ. P. 23(e) does not mandate either Court approval of any settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)). As the parties are not seeking dismissal of any class claims with prejudice, the Court finds that dismissal without prejudice would not concede any class interests and Fed. R. Civ. P. 23(e) does not mandate Court approval of any settlement or notice to putative class members.

In the complaint, Plaintiff alleges that she proceeds as a "private attorney general" seeking injunctive relief "to protect the general public" under the California Consumer Legal Remedies Act ("CLRA"), the California False Advertising Law ("FAL"), and the California Unfair Competition Law ("UCL"). *See* (Doc. 1-1 at 32). The Court must review and approve the settlement of any claims brought under the California Private Attorneys General Act ("PAGA"). *See Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019); *Middleton v. Halliburton Energy Servs., Inc.*, No. 1:19-cv-01747-CDB, 2024 WL 1930691, at *2 (E.D. Cal. May 2, 2024); Cal. Lab. Code § 2699(s)(2).

As Plaintiff's claims as a "private attorney general" are not pled under PAGA, the Court finds that California Labor Code § 2699(s)(2) does not operate to require the Court to approve of the resolution of any such claims.

*Remainder of This Page Intentionally Left Blank*

2

**Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to terminate all deadlines and to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(i), dismissal without prejudice of all claims asserted in the operative complaint.

IT IS SO ORDERED.

Dated:   **July 1, 2026**

UNITED STATES MAGISTRATE JUDGE